UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDERICK P. FAVREAU, an individual,

    Plaintiff,

vs.                                      Case No. 3:10-cv-877-J-34MCR

WALMART STORES EAST, L.P., a foreign
corporation,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel (Doc. 19) filed January 31, 2011. Plaintiff filed a response in opposition to this Motion on February 17, 2011. (Doc. 21). Accordingly, the matter is now ripe for judicial review.

## **I. BACKGROUND**

The instant litigation involves a personal injury claim by Plaintiff. According to the Complaint, Plaintiff slipped and fell while inside a Walmart store located in St. Augustine, Florida. Plaintiff is seeking damages for "bodily injury, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical care and treatment, and an aggravation of a previously existing condition." (Doc. 3, p.2). Plaintiff claims these "losses are permanent and continuing." Id.

On June 15, 2010, Defendant served Plaintiff with its Initial Interrogatories to Plaintiff and its First Request to Produce Documents. In these discovery requests,

Defendant asked Plaintiff to provide details regarding his claims for damages. (Doc. 19, pp. 2-3). According to Defendant, Plaintiff's response was unduly "vague." (Doc. 19, p.2). Additionally, Defendant requested Plaintiff to provide a signed authorization to release his Social Security Administration records if Plaintiff was claiming a "loss of wages or lost earning capacity." (Doc. 19, p.3). Plaintiff objected and stated he was not seeking lost earnings or lost earning capacity. Id.

## II. **DISCUSSION**

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant case, Defendant claims a number of Plaintiff's responses to its discovery requests are deficient. First, Defendant contends Plaintiff has failed to adequately respond to its Interrogatory No. 11, which asked Plaintiff to:

> [l]ist each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed, and the goods or services for which each was incurred.

(Doc. 19, p.1). Rather than provide any specifics, Plaintiff simply listed several categories of damages, such as "past and future pain and suffering, past and future medical expenses," etc.[1] In his response to the Motion to Compel, Plaintiff took the position that his response was appropriate because he "will have to rely on his treating physicians in order to determine future medical needs, if any." (Doc. 21, p.1). Plaintiff states that as soon as he is able to determine what his future medical needs will be, he will provide that information to Defendant. Id. This is not sufficient.

This case has been pending for nearly five months. Information regarding Plaintiff's damages is clearly relevant and information to which the Defendant is entitled. As another court held:

> while an expert . . . may be necessary to refine the evidence of their losses, the plaintiffs must have had some factual basis for concluding they had sustained losses at the time the complaint was filed. Rule 11, Fed.R.Civ.P., requires no less. Rule 11 is designed to insure that allegations in a complaint, drafted by a member of the Bar, are supported by sufficient factual information at the time the claims are initially asserted. It is no answer for plaintiffs to assert that

---

[1] Defendant points out that Plaintiff did the same in his Rule 26(a) disclosures.

-3-

> they will need discovery or to consult with an expert to determine their losses. They should have answered the interrogatories with such information as they then possessed, and pursuant to Rule 26(e), Fed.R.Civ.P. the plaintiffs have the option, indeed even the duty, to supplement their answers to these interrogatories to reflect refinements or corrections to the factual representations as to their asserted losses up to the time of the final pretrial conference under Rule 16, Fed.R.Civ.P.

King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5-6 (D. D.C. 1987); see also Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *3 (M.D. Fla. Oct. 31, 2007) (noting that Rule 26 requires a party to "make its initial disclosures based on the information then reasonably available to it" and the party is "not excused from making its disclosures because it has not fully completed its investigation of the case . . ."). Likewise, in this case, Plaintiff must answer Interrogatory No. 11 and provide his Rule 26(a)(1)(iii) disclosure with the information he now possesses and is obligated to supplement his response after his treating physician or other expert has made further calculations. Plaintiff shall do so no later than **Monday, March 7, 2011**.

With respect to Defendant's request for Plaintiff's Social Security records, Plaintiff did not respond to this portion of Defendant's Motion to Compel. Accordingly, the Court will treat it as unopposed. Despite it being unopposed, the Court will still examine the request to ensure it is appropriate. Although the discovery request seeking the Social Security records explicitly asked Plaintiff for the release if he was "claiming a loss of wages or lost earning capacity" and Plaintiff replied that he was not claiming either, Defendant argues it is still entitled to Plaintiff's Social Security records because Plaintiff has put his medical condition at issue. (Doc. 19). To support this contention,

Defendant cites two federal cases, Morris v. Arizona Beverage Co., L.L.C., No. 03-60907, 2004 WL 5333303, *1 (S.D. Fla. Feb.13, 2004) and Thai v. Miller Truck Lines, Inc., No. CIVA 05-1958, 2006 WL 2349605, *2 (W.D. La. Aug.11, 2006). However, in both of these cases, the plaintiff was seeking economic damages including lost wages and future earning capacity.  See Wheeler v. City of Orlando, No. 6:07-cv-1287-Orl-35DAB, 2008 WL 5111244, *3 (M.D. Fla. Dec. 3, 2008) (denying a request for a release of Social Security records where movant cited both of these cases).  As Plaintiff in the instant case is not seeking any economic damages for lost wages or earning capacity, his social security information is not relevant for those purposes. Plaintiff's medical records will certainly provide Defendant with ample evidence regarding Plaintiff's medical condition and Defendant has not shown or argued an inability to obtain Plaintiff's medical records.  Therefore, at this time, the Court will deny Defendant's Motion to Compel insofar as it seeks a signed release from Plaintiff for any Social Security records.  Wheeler, 2008 WL 5111244, at *3 (denying a motion to compel plaintiff's social security records where plaintiff was not seeking economic damages for lost wages or earning capacity).

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Compel (Doc. 19) is **GRANTED in part and DENIED in part** as provided in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  22nd  day of February, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record